UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | No. CIV-24-327-R |
| ) | |
| DUSTY LONDON, et al., ) ) | |
| Defendants. ) | |

### ORDER

Before the Court is Plaintiff Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment [Doc. No. 24]. Defendant Dusty London did not respond. Defendant Christopher Gonzalez responded [Doc. No. 29], but did not oppose Plaintiff's facts, argument, or authority. For the following reasons, Plaintiff's Motion is GRANTED.

Defendant London holds a home insurance policy issued by Plaintiff. Doc. No. 24 at p. 2. On May 6, 2023, L.G. (a minor), got in a wreck while driving Defendant London's golf cart. *Id*. The wreck happened at a 7-Eleven near the intersection of two major streets roughly half of a mile from Defendant London's residence. *Id*. at pp. 2-3. Defendant Gonzalez (underlying plaintiff) sued Defendant London (underlying defendant) in state court for negligence in her supervision of L.G., as well as in her entrusting L.G. with the golf cart. *Id*. at p. 3. Defendant London requested Plaintiff indemnify and defend her in the state court action pursuant to her home insurance policy, which Plaintiff is doing subject to a reservation of rights. *Id*. at p. 8.

1

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under the Local Rules, "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." LCvR 7.1(g). "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). In such situations, the "court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id*. "But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment." *Id*.

Plaintiff seeks a declaration that it is not required to either continue defending Defendant London in the underlying lawsuit or to indemnify her for damages resulting from the underlying lawsuit. Doc. No. 24 at pp. 1-2. Because Defendant London did not respond to Plaintiff's Motion, the Court accepts Plaintiff's statement of undisputed material facts as true.

"A liability insurance policy generally contains two basic duties: the insurer has a duty to defend its insured and a duty to indemnify its insured for damages." *Honeywell v. GADA Builders, Inc.*, 2012 OK CIV APP 11, ¶ 26, n.11, 271 P.3d 88 (citation omitted). "The duty to defend is separate from, and broader than, the duty to indemnify, but the insurer's obligation is not unlimited." *Id*. (citation omitted). "An insurer has a duty to defend an insured whenever it ascertains the presence of facts that give rise to the potential of liability under the policy." *Id*. (citation omitted). Where there is no possibility of liability

2

under the policy, an insurer has no duty to defend or indemnify the insured. *See Safety Nat'l Cas. Corp. v. SSM Health Care of Okla., Inc.*, No. CIV-20-689-HE, 2020 WL 10731243, *2 (W.D. Okla. Dec. 17, 2020).

Plaintiff provides three arguments for its position: (1) the motor vehicle exclusion applies to the subject incident because a golf cart is a motor vehicle and no exception to the exclusion is applicable in this case, *id*. at pp. 9-18, (2) the negligent supervision exclusion applies to the subject incident, *id*. at pp. 18-20, and (3) the guest medical protection coverage does not apply to the subject incident, *id*. at pp. 20-21.

Plaintiff's first argument is unavailing because it relies on a golf cart qualifying as a "motor vehicle." The motor vehicle exclusion at issue excludes coverage from any bodily injury or property damage related to a motor vehicle or trailer. *Id*. at pp. 4-5. Defendant correctly notes that Oklahoma's motor vehicle statute defines a motor vehicle as "Any vehicle which is self-propelled[.]" Okla. Stat. tit. 47, § 1-134(A)(1). But the Oklahoma Insurance Code, specifically the portion pertaining to insurance contracts, defines motor vehicle as "a self-propelled land motor vehicle designed for use principally upon public roads or streets but does not mean or include…if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads and streets." Okla. Stat. tit. 36, § 3635. And another court in this district has held that in the context of an insurance contract, a golf cart is not a motor vehicle. *See Progressive N., Ins. Co. v. Pippin*, No. CIV-16-1254-HE, 2017 WL 4334229, *2 (applying Okla. Stat. tit. 36, § 3635). The Tenth Circuit affirmed the decision, stating that "[a]s UM coverage is not defined in § 3636 except when concerning motor vehicles, **which a golf cart is not**…" *Progressive N. Ins.*

*Co. v. Pippin*, 725 F. App'x 717, 720 (10th Cir. 2018) (emphasis added). So the motor vehicle exclusion does not apply because a golf cart—in the insurance context—is not a "motor vehicle" under Oklahoma law.

Plaintiff's second argument, however, warrants summary judgment. The negligent supervision exclusion reads:

> 7. We do not cover bodily injury or property damage arising out of:
>
>    (a) the negligent supervision by any insured person of any person; or
>    (b) any liability statutorily imposed on any insured person
>
>    arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, hovercraft, motorized land vehicle or trailer which is not covered under Section II of this policy.

Doc. No. 24 at p. 6. The exclusion applies for three reasons.

Here, whereas another court in this district and the Tenth Circuit have held that a golf cart is not a "motor vehicle," Plaintiff presents case law from other jurisdictions, as well as definitions from various dictionaries that supports a finding that a golf cart *is* a "land motor vehicle." *See* Doc. No. 24 at p. 19, n.4. The Court finds these authorities persuasive and holds that for purposes of the instant insurance contract, a golf cart qualifies as a "land motor vehicle." Additionally, the golf cart is not covered by Section II of the policy because Defendant London did not purchase coverage for the golf cart. *Id*. at p. 2. And finally, Defendant London is being sued in the underlying litigation for negligence in entrusting and supervising L.G. that resulted in L.G.'s bodily injury. *Id*. at p. 1. Excluded from coverage is bodily injury arising out of the negligent supervision by an insured arising from the "entrusting…of any motorized land vehicle…which is not covered under Section

II of the policy." *Id.* at p. 6. So if Defendant London were to be found liable in the underlying litigation, Plaintiff would not face liability under the policy.[1]

Accordingly, because Plaintiff faces no potential liability from the underlying litigation, it has no duty to defend or indemnify Defendant London under Oklahoma law.

Accordingly, Plaintiff's Motion is GRANTED.

IT IS SO ORDERED this 31st day of March, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also correctly notes that the negligent entrustment exclusion applies to the guest medical protection coverage, and thus the provision does not apply. Doc. No. 24 at pp. 20-21.